**Ashton Harry MATTHEWS, Appellant**

v.

**The STATE of Texas, State**

**NO. 02–14–00428–CR**

Court of Appeals of Texas, Fort Worth.

DELIVERED: July 2, 2015

---

Kenneth Nash, Appellate Chief; Jahnna S. Ward, Huntsville, Texas, for Appellant.

Melinda Fletcher, Special Prosecution Unit, Amarillo, Texas, for State.

PANEL: LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

**OPINION**

LEE ANN DAUPHINOT, JUSTICE

A jury convicted Appellant Ashton Harry Matthews of assault of a public servant and assessed his punishment at five years' confinement and a $2,500 fine. The trial court sentenced him accordingly. In his sole issue, Appellant contends that the trial court reversibly erred by instructing the jury on a partial definition of "reasonable doubt." Because the trial court did not reversibly err, we affirm the trial court's judgment.

At trial, Appellant properly and timely objected to the partial *Geesa* instruction.[1] The proper analysis of his complaint, then, is governed by *Almanza v. State*.[2] If error exists in the jury charge and if proper objection was made to the erroneous instruction, we must reverse if Appellant suffered any harm.[3] Appellant asks this court to reconsider our decision in *Vosberg v. State*,[4] in which we held that the instruction—"It is not required that the prosecution prove guilt beyond all possible doubt. It is required that the prosecution's proof excluded all 'reasonable doubt' concerning the defendant's guilt"— is not a definition of reasonable doubt but "merely notes that reasonable doubt does not mean possible doubt."[5] In *Vosberg*, we held that the trial court did not commit error in giving that instruction.[6] We did not hold, and we do not now hold that giving such an instruction is a wise thing

---

1. *Geesa v. State*, 820 S.W.2d 154, 161 (Tex. Crim.App.1991), *overruled by Paulson v. State*, 28 S.W.3d 570, 573 (Tex.Crim.App.2000)..

2. 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g).

3. *Id.*

4. 80 S.W.3d 320, 324 (Tex.App.—Fort Worth 2002, pet. ref'd).

5. *Id.*

6. *Id.*

for trial courts to do. But, under existing law and on this record, we must hold that it was not error to give the charge in this case.

Indeed, in abrogating *Geesa*,[7] the Texas Court of Criminal Appeals specifically stated, "We find that the better practice is to give no definition of reasonable doubt at all to the jury."[8] Nevertheless, this court has held that instructing the jury what the term "reasonable doubt" does not mean is not providing a definition of what the term does mean.[9] Applying this subtle logic to the distinction between instructions, and following our precedent, we overrule Appellant's sole issue and affirm the trial court's judgment.

LIVINGSTON, C.J., and SUDDERTH, J., concur without opinion.

---

7. 820 S.W.2d at 161.

8. *Paulson,* 28 S.W.3d at 573.

9. *Vosberg,* 80 S.W.3d at 324.